IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Norman A. Mayo, ) | C.A. No.: 7:14-cv-02051-BHH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Allstate Property and Casualty Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on a motion to dismiss filed by Defendant [Doc. 21], two motions to amend/correct the Complaint filed by Plaintiff [Docs. 37, 46], and two motions for summary judgment filed by Plaintiff [Docs. 38, 47]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pre-trial matters in cases involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this case on May 27, 2014, alleging fraudulent misrepresentation of insurance coverage. [Doc. 1.] Defendant filed a motion to dismiss on August 13, 2014. [Doc. 21.] On the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised to respond to the motion and of the possible consequences if he failed to adequately respond. [Doc. 23.] Plaintiff filed a response in opposition on October 28, 2014 [Doc. 36], and Defendant filed a reply on November 7, 2014 [Doc. 40].

On October 28, 2014, Plaintiff filed a motion to amend/correct the Complaint and a motion for summary judgment.[1] [Docs. 37, 38.] Defendant filed a response in opposition to both motions on November 7, 2014. [Doc. 42.] On November 21, 2014, the Court entered a text order directing Plaintiff to file a proposed amended complaint by December 11, 2014, so that the Court could rule on Plaintiff's motion to amend/correct the Complaint. [Doc. 44.] Plaintiff failed to comply with the Court's Order to file a proposed amended complaint; instead, Plaintiff filed a second motion to amend/correct the Complaint and a second motion for summary judgment on December 11, 2014.[2] [Docs. 46, 47.] On January 5, 2015, Defendant filed a response in opposition to both motions. [Doc. 49.] Plaintiff filed a reply on January 22, 2015 [Doc. 51] and additional attachments to the motions on January 23, 2015 and February 5, 2015 [Docs. 52, 53]. Accordingly, the motions are ripe for review.

## BACKGROUND

Plaintiff alleges this action "results from fraudulent misrepresentation of coverage involving a broken water pipe." [Doc. 1 at 2 ¶ 1.] Plaintiff's Complaint is somewhat confusing with respect to the causes of action he alleges and does not allege facts in a coherent progression to convey information concerning any claim. However, liberally

---

[1] Plaintiff submitted one document to the Court, titled "RESPONSE TO MOTION TO DISMISS, MOTION TO AMEND PLEADINGS AND MOTION FOR SUMMARY JUDGMENT," which the clerk appropriately filed as three separate docket entries—a response in opposition to Defendant's motion to dismiss [Doc. 36], a motion to amend/correct the Complaint [Doc. 37], and a motion for summary judgment [Doc. 38].

[2] Again, Plaintiff submitted one document to the Court, titled "MOTION TO AMEND THE COMPLAINT MOTION FOR SUMMARY JUDGMENT," which the clerk appropriately filed as two separate docket entries—a second motion to amend/correct the Complaint [Doc. 46] and a second motion for summary judgment [Doc. 47].

construing the pleadings, it appears that Plaintiff applied for and received coverage under a homeowner's insurance policy issued by Defendant. [*Id.* at 2 ¶ 2.] Plaintiff alleges he received in the mail "what [D]efendant alleges is Homeowner 3 (HO 3) coverage although the forms provided have been determined upon analysis to be remarkably different, even to the extent of being inimical to public policy." [*Id.*] Plaintiff also states that Defendant has violated its fiduciary duty and public policy. [*Id.* at 2 ¶ 1.] Plaintiff wishes to rescind Defendant's "alleged coverage and replace it with Insurance Services Office (ISO) Homeowner 3 (HO 3) proprietary coverage." [*Id.* at 2 ¶ 4.] Plaintiff seeks injunctive relief, compensatory damages, and punitive damages.[3] [*Id.* at 2–3 ¶¶ 6–8.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure

---

[3]Plaintiff appears to be seeking counsel to pursue his claims as a class action [*see* Doc. 1 at 3 ¶¶ 7–8]; however, at this procedural posture, Plaintiff has not moved for certification of a class.

3

up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible

5

the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**Motion to Amend Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides that when twenty-one days have passed after service of a responsive pleading or motion under Rule 12(b), (e), or (f), a plaintiff may amend his complaint only with leave of court or by written consent of the defendant. Leave of court to amend shall be given freely when justice so requires. Fed. R. Civ. P. 15(a)(2). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)).

**Motion for Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all

6

inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**Defendant's Motion to Dismiss**

As previously stated, it is not entirely clear what causes of action Plaintiff alleges in his Complaint; however, based on the allegations in the Complaint and giving them liberal construction, the Court construes the possible causes of action as Defendant does in its motion to dismiss—fraudulent misrepresentation, violation of fiduciary duty, violation of public policy, bad faith, and reformation of the insurance contract. In his response in opposition to the motion to dismiss, Plaintiff clarifies that he is not bringing claims of violation of fiduciary duty, violation of public policy, or bad faith. [Doc. 36 at 1.] Therefore, the Court addresses only Plaintiff's claims of fraudulent misrepresentation and reformation of the contract.

### *Fraudulent Misrepresentation*

Defendant argues Plaintiff's fraudulent misrepresentation claim should be dismissed because Plaintiff fails to plead fraud with the particularity required by Rule 9 and also fails to meet the pleading requirements under Rule 8. The Court agrees.

To state a claim for fraud, the plaintiff must allege (1) a representation; (2) its falsity; (3) its materiality; (4) knowledge of its falsity or a reckless disregard of its truth or falsity;

8

(5) intent that the plaintiff act upon the representation; (6) the hearer's ignorance of the falsity; (7) the hearer's reliance on the truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.[4]  *M. B. Kahn Constr. Co. v. S.C. Nat'l Bank of Charleston*, 271 S.E.2d 414, 415 (S.C. 1980).  Additionally, a claim of fraud is held to a heightened pleading standard.  Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  The Fourth Circuit Court of Appeals has held that the rule requires pleading of the time, place, and contents of the false representations, as well as the identity of the person making the representations. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).  Rule 9(b) serves four purposes: (1) to put the defendants on notice so that the defendants have sufficient information to formulate a defense; (2) to protect defendants from frivolous suits; (3) to eliminate fraud actions in which all facts are learned after discovery; and (4) to protect the defendants from harm to their goodwill and reputation.  *Id.*

Here, Plaintiff has failed to allege any facts demonstrating a cause of action for fraudulent misrepresentation aside from the general conclusory allegation that this case is based on fraudulent misrepresentation.  The Complaint is completely lacking in detail as to who made the alleged misrepresentation, when it was made, or where it was made.  Accordingly, Plaintiff's fraudulent misrepresentation claim should be dismissed.

---

[4]This case is predicated on diversity jurisdiction and was filed in federal court; therefore, it is governed by state substantive law and federal procedural law. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 416 (2010) (citing *Hanna v. Plumer*, 380 U.S. 460, 471–74 (1965)).

*Reformation*

Defendant argues Plaintiff has failed to include sufficient factual allegations to support reformation of the policy. The Court agrees.

"Reformation is the remedy by which writings are rectified to conform to the actual agreement of the parties." *Crosby v. Protective Life Ins. Co.*, 359 S.E.2d 298, 300 (S.C. Ct. App. 1987) (citing *Crewe v. Blackmon*, 345 S.E.2d 754 (S.C. Ct. App. 1986)). A contract can be reformed based on either mutual mistake or unilateral mistake. *See Shaw v. Aetna Cas. & Surety Ins. Co.*, 262 S.E.2d 903, 905 (S.C. 1980). A court will not reform an insurance contract on the ground of mutual mistake absent clear and convincing evidence both parties intended a certain thing and, by mistake in the drafting, did not obtain what was intended. *See Crosby*, 359 S.E.2d at 300. A court will not reform an insurance contract on the ground of unilateral mistake absent clear and convincing evidence the mistake was "induced by the fraud, deceit, misrepresentation, concealment or imposition in any form of the party opposed in interest to the reformation without negligence on the part of the party claiming the right, or where the mistake is accompanied by very strong and extraordinary circumstances showing imbecility or something which would make it a great wrong to enforce the agreement." *Id.* at 301 (citing *Shaw*, 262 S.E.2d 903).

Here, Plaintiff has failed to allege any facts demonstrating a mutual mistake. Additionally, even assuming without deciding that Plaintiff's Complaint could be liberally construed to allege a unilateral mistake, it fails to allege any such mistake was induced by fraud, deceit, misrepresentation, or other concealment. Accordingly, Plaintiff's Complaint

fails to allege factual allegations sufficient to support reformation of an insurance contract and should be dismissed.

**Plaintiff's Motions to Amend/Correct the Complaint**

As previously stated, on November 21, 2014, the Court entered a text order directing Plaintiff to file a proposed amended complaint by December 11, 2014, so that the Court could rule on Plaintiff's motion to amend/correct the Complaint. [Doc. 44.] The Order specifically informed Plaintiff that the Court would be unable to rule on his motion to amend/correct the Complaint until Plaintiff submits a proposed amended complaint for the Court to review. [*Id.*] Despite this explanation, Plaintiff elected not to submit a proposed amended complaint; instead, Plaintiff filed a second motion to amend/correct the Complaint that also fails to include a proposed amended complaint. This failure to submit a proposed amended complaint as required is sufficient to deny Plaintiff's motion to amend/correct the Complaint. It is impossible for the Court and Defendant to determine what claims Plaintiff wishes to assert, and allowing Plaintiff to amend his Complaint would be futile where Plaintiff has failed to provide a proposed amended complaint that alleges facts to cure the deficiencies found in Plaintiff's Complaint. As such, Plaintiff's motions to amend/correct the Complaint should be denied.

**Plaintiff's Motions for Summary Judgment**

Because the Court has recommended that Defendant's motion to dismiss be granted and Plaintiff's motions to amend/correct be denied, the Court further recommends that Plaintiff's motions for summary judgment be found as moot. Moreover, even if the district judge allows Plaintiff to amend his Complaint, the motions for summary judgment

should be denied as premature. At the time Plaintiff filed his first motion for summary judgment, this case had been pending for five months, and even now the discovery deadline has not been established. Generally, summary judgment is granted only after the parties have had "adequate time for discovery." *Celotex*, 477 U.S. at 322; *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991) ("Summary judgment may only be entered after adequate time for discovery." (citation and internal quotations omitted)).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss be GRANTED; Plaintiff's motions to amend/correct the Complaint be DENIED; and Plaintiff's motions for summary judgment be FOUND AS MOOT.


                                         s/Jacquelyn D. Austin
                                         United States Magistrate Judge

February 6, 2015
Greenville, South Carolina